IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                        RESPONDENT

v.                          Case No. 4:04-cr-40019

ROBERT RAY HESTER                                                   MOVANT

## ORDER

Before the Court is a Motion to Review Information filed by Movant Robert Ray Hester. (ECF No. 44). Also before the Court is a second Motion to Review Information filed by Movant. (ECF No. 45). The Court finds that no response to the motions is necessary. The Court finds the matter ripe for consideration. For the reasons discussed below, the motions will be denied.

## I. BACKGROUND

On March 3, 2005, the Court[1] sentenced Movant to one month's imprisonment and five years' supervised release in connection with Movant's plea of guilty on one count of knowingly making a false statement on a loan application, in violation of 18 U.S.C. § 1014. On June 19, 2005, Movant began serving his term of supervised release. The terms of Movant's supervised release included, among other things, the condition that he would not commit another federal, state, or local crime.

On February 18, 2008, Movant was arrested in Bowie County, Texas, and was charged with aggravated assault on a public servant. On February 22, 2008, the Court issued a warrant for Movant regarding his supervised release. Movant was subsequently sentenced to a term of twenty-five years' imprisonment in the Texas Department of Criminal Justice ("TDCJ") after being found

---

[1] The Honorable Harry F. Barnes presided over this case from its inception until January 18, 2017, at which time the case was reassigned to the undersigned.

guilty by a jury on two counts of criminal mischief and three counts of aggravated assault on a public servant. On May 6, 2009, the U.S. Probation Office filed an amended petition for a warrant for Movant on his supervised release, reflecting Movant's Texas state convictions, as well as additional reported violations of the terms of his supervised release.

On September 27, 2016 the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas, ordered the issuance of a writ of habeas corpus ad prosequendum, directing that Movant be brought before this Court for proceedings related to the revocation of his supervised release. On January 25, 2017, the Court held a revocation hearing regarding Movant's supervised release. On January 26, 2017, the Court entered a revocation judgment, revoking Movant's supervised release and sentencing him to a term of imprisonment of "[t]welve (12) months and [o]ne (1) day, with credit for time served in federal custody." (ECF No. 42).

On March 5, 2018, Movant filed a Motion to Review Information (the "First Motion"). (ECF No. 44). Movant states that he has made parole on his term of imprisonment in the TDCJ, and is currently in custody of the U.S. Marshal, awaiting transfer to the Federal Bureau of Prisons ("BOP") to serve the federal sentence related to his revocation in this case. Movant also states that the Court told him in the revocation hearing that he would be granted credit for time served on writ in federal custody in connection with the revocation proceedings. Movant asserts that on February 14, 2018, he communicated with the BOP via telephone regarding receiving credit toward his federal sentence, and the BOP agreed that he is entitled to credit for time served on writ in connection with the revocation proceedings in this Court.[2] However, Movant asserts that the BOP informed him that the Court must provide the BOP with certain information in order for him

---

[2] The Court notes that Movant provides no evidence of this communication.

to receive the credit he seeks. To that end, Movant asks the Court to provide the BOP with court documentation stating either that Movant should be awarded the credit he seeks or that Movant's sentence should be run concurrent with the jail time he has completed.

On April 19, 2018, Movant filed a second Motion to Review Information (the "Second Motion"). (ECF No. 45). The Second Motion is similar in substance to the First Motion and asks the Court to contact the BOP so that Movant will receive credit for time served in federal custody from September 21, 2016, through March 1, 2017. Movant states that if the Court reviews the audio recording from the January 25, 2017, revocation hearing, it will find that the Court stated it would award Movant credit toward the imposed sentence.

## II. DISCUSSION

Movant asks the Court to provide the BOP with court documentation instructing that Movant should be awarded credit toward his current sentence for time served from February 22, 2008, through June 26, 2009, as well as from September 21, 2016, through March 1, 2017. Movant asks in the alternative that the Court instruct the BOP to run his current sentence concurrently.

Title 18 of the United States Code discusses credit for prior custody as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added). "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). Given this language, it is clear that Movant cannot be credited for time spent in custody before his federal sentencing if said time has been credited towards another sentence. *Id.* at 334.

A review of the audio recording from the January 25, 2017, revocation hearing reveals that,

during the hearing, Movant broached the subject of receiving credit toward his sentence for a period of February 22, 2008, through June 26, 2009, as well as for the time he spent on writ in connection with the revocation proceedings. The Court informed Movant that the BOP would give him any credit to which he was entitled. However, the Court then told Movant that it was unsure whether he would be entitled to credit for the period of February 22, 2008, through June 26, 2009, because he was in Texas state custody during that time. The Court also told Movant that he would be unable to receive credit for the time spent on writ in connection with the revocation proceedings if he was receiving credit toward his Texas state sentence for that same period. The Court further told Movant that it could not sentence him concurrently because the United States Sentencing Guidelines required a consecutive sentence in his instance.

As an initial matter, the Court first will address Movant's request that the Court provide the BOP with documentation stating that his sentence should be run concurrent to time already served. As noted above, the Court informed Movant at his revocation hearing that it could not sentence him concurrently because the Guidelines required a consecutive sentence. Thus, the Court cannot instruct the BOP to run his sentence concurrently.

The Court will now address Movant's request that the Court instruct the BOP to award him credit for the period of February 22, 2008, through June 26, 2009. The Court advised Movant at the revocation hearing that if the BOP determined that he was in federal custody during this period, that it was possible that he might receive credit for that time. However, the Court stressed that it was unsure if this would occur, because Movant was in fact in Texas state custody during that time. After the instant motions were filed, the Court conferred with the United States Probation Office and was informed that Movant was in Texas state custody during this time. Movant has offered no evidence demonstrating otherwise and based on the present record, the Court cannot

instruct the BOP to award him credit for this period.

Finally, the Court will address Movant's request that the Court instruct the BOP to award him credit for the time he spent on writ in connection with the revocation proceedings, from September 21, 2016, through March 1, 2017. As noted above, the Court advised Movant at the revocation hearing that he would only receive credit for this period if he was not receiving credit for the same period toward his Texas state sentence. Movant offers no argument or evidence regarding whether the TDCJ awarded him credit toward his Texas state sentence for the period of September 21, 2016, through March 1, 2017. The Court has conferred with the United States Probation Office and has been informed that Movant received credit from the TDCJ toward his Texas state sentence for the time he spent on writ in connection with the revocation proceedings. Thus, Movant cannot receive double credit for that period. *See id.* at 334.

### III. CONCLUSION

For the reasons discussed above, the Court finds that Movant's motions to review information (ECF Nos. 44, 45) should be and hereby are **DENIED**.

**IT IS SO ORDERED**, this 2nd day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge