IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                               Case No. 4:04-cr-40019

ROBERT RAY HESTER                                                          DEFENDANT

# ORDER

Before the Court is Defendant Robert Ray Hester's Motion to Reconsider Restitution Payments. (ECF No. 54). The government responded. (ECF No. 56). The matter is ripe for consideration.

## I. BACKGROUND

On March 3, 2005, the Court[1] sentenced Defendant to one month of imprisonment and five years of supervised release in connection with Defendant's plea of guilty on one count of knowingly making a false statement on a loan application, in violation of 18 U.S.C. § 1014. (ECF No. 19). In relevant part, the Court also ordered Defendant to pay $69,373.61 in restitution. The judgment's schedule of payments provided that $9,000.00 in restitution was due immediately, with the remaining balance to be paid in installments. While Defendant was incarcerated, his payments were to not be less than $25.00 per quarter, or 10% of his quarterly earnings, whichever is greater. After Defendant was released from incarceration, his payments were to be paid monthly in an amount not less than 10% of his net monthly household income, but in no case less than $25.00 per month.

Defendant served his term of imprisonment and began his supervised release. On February

---

[1] The Honorable Harry F. Barnes presided over this case until January 18, 2017, at which time the case was reassigned to the undersigned.

18, 2008, Defendant was arrested in Bowie County, Texas.  He was subsequently sentenced to twenty-five years of imprisonment in the Texas Department of Criminal Justice after being found guilty by a jury on two counts of criminal mischief and three counts of aggravated assault on a public servant.

On February 22, 2008, the Court issued a warrant for Defendant regarding alleged violations of his supervised release.  One of the violations was non-compliance with his restitution obligations.  At that time, Defendant had made a restitution payment of $8,900.00 the day he was sentenced and subsequently made payments totaling $2,450.00, leaving a remaining balance of $58,023.61.  Defendant pleaded true to the alleged violations and the Court revoked his supervised release on January 25, 2017, sentencing him to twelve months and one day of imprisonment, followed by three years of supervised release.  The Court's revocation judgment also ordered Defendant to immediately pay the remaining restitution balance of $58,223.61.  If it was not immediately paid in full, Defendant was ordered to pay the balance, while incarcerated, in installments of $25.00 quarterly or 10% of his quarterly earnings, whichever was greater, and following his release from incarceration, he was ordered to pay the remaining balance in monthly installments of not less than 10% of his net monthly household income, but in no case less than $25.00 per month.

Defendant was subsequently released from incarceration. Afterwards, on May 24, 2021, the government filed an application for a writ of continuing garnishment to be issued to Defendant's employer.  The Clerk of Court issued the writ that same day, along with a notice to Defendant of the writ's issuance.[2]  At the time, Defendant's remaining restitution balance was $57,508.61.  To date, the writ remains in place.  As of May 3, 2022, Defendant's remaining

---

[2] The Clerk of Court's notice was not returned as undeliverable.

restitution balance was $39,804.84.

On March 30, 2022, Defendant filed the instant motion, asking the Court to review and reduce the amount of money being garnished from his pay. (ECF No. 54). The government opposes the motion.

## II. DISCUSSION

The Court is responsible for ordering restitution, *see* 18 U.S.C. § 3556, and enforcing it during supervised release through the powers granted by 18 U.S.C. §§ 3613A and 3614. These powers are of limited duration because they are tied to the Court's authority to modify or revoke supervised release. *See* 18 U.S.C. § 3583(e); *United States v. Lawrence*, 538 F. Supp. 2d 1188, 1192 (D.S.D. 2008). To maintain continuity after supervised release ends, the Mandatory Victims Restitution Act charges the Attorney General, or his designee, with the responsibility of collecting unpaid fines, assessments, and restitution. 18 U.S.C. § 3162(c). To that end, Congress enacted the Federal Debt Collection Procedure Act "to provide a uniform, nationwide mechanism" through which the government can enforce court-ordered monetary obligations. *See Lawrence*, 538 F. Supp. 2d. at 1993 (discussing 135 Cong. Rec. S289-01, 1989 WL 190570 at *S406 (Jan. 25, 1989) (statem. of Sen. Biden)).

Garnishment is one of the collection methods available to the government under the Federal Debt Collection Procedure Act. 28 U.S.C. § 3205. A writ of garnishment is subject to several exceptions, the only relevant one here being that the Consumer Credit Protection Act applies to garnishments, meaning the maximum allowable garnishment may generally not exceed 25% of the debtor's disposable earnings or the amount by which the debtor's disposable earnings exceeds thirty times the federal minimum hourly wage for one week, whichever is less. *See* 15 U.S.C. § 1673(a). "Disposable earnings" are "that part of earnings remaining after all deductions required

by law have been withheld." 28 U.S.C. § 3002(5).

Defendant states that the garnishment in this case is currently taking 25% of his weekly paychecks. Citing recent inflation and a now-higher cost of daily living, he asks the Court to review the garnishment amount and reduce it to 10% of his net monthly household income, or alternatively, to some other amount lower than 25%.

The government responds that its garnishment of 25% of Defendant's disposable earnings is valid under the Federal Debt Collection Procedure Act. The government concedes that Defendant may ask the Court to review that amount but argues that the Court's discretion in limiting the government's enforcement applies only to certain exemptions, none of which include the garnishment being a financial hardship. Accordingly, the government concludes that the Court should deny Defendant's motion.

The Court agrees with the government. Within twenty days of receiving a notice of the issuance of a writ of garnishment, a debtor may move for a hearing on whether to quash the writ. 28 U.S.C. § 3202(d). The Clerk of Court sent its notice to Defendant about the issuance of the writ on May 24, 2021. Defendant filed the instant motion on March 30, 2022. Although he does not ask for a hearing, to the extent that the motion can be construed as asking for one, the request is untimely. *See Lawrence*, 538 F. Supp. 2d at 1194.

Moreover, the scope of any such hearing is limited by statute to only three things: (1) the probable validity of any claim of exemption by the debtor; (2) the government's compliance with statutory requirements when obtaining the writ; and (3) if the judgment is by default, the probable validity of the claim for the debt and whether good cause exists to set aside the default judgment. *See* 28 U.S.C. § 3202(d)(1-3); *see also United States v. Pugh*, 75 F. App'x. 546, 547 (8th Cir. 2003) (per curiam). This case does not involve a default judgment and Defendant does not claim

4

an applicable exemption or argue that the government failed to comply with statutory requirements in obtaining the writ. Thus, the Court sees no basis upon which to hold a hearing on the writ. "In any event, consideration of Defendant's financial situation and/or the equities of the case are not subject to or within the purview of a garnishment hearing." *Lawrence*, 538 F. Supp. 2d at 1194.

The Court "does, however, have discretion to limit the government's enforcement remedies." *Id.* at 1195. The Court can, "after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under [the Federal Debt Collection Procedure Act]." 28 U.S.C. § 3013. This allows the Court to protect a debtor in an instance where the government's collection efforts amount to "abuse or problems . . . [that] unnecessarily disrupt the debtor's affairs." *Lawrence*, 538 F. Supp. 2d at 1195 (quoting 136 Cong. Rec. H13288–02, 1990 WL 168500 at *H13289 (Oct. 27, 1990) (statem. of Rep. Brooks)).

In relevant part, the Court's revocation judgment provided that if Defendant did not immediately pay his restitution in full, then post incarceration, he must pay the remaining balance in monthly installments of not less than 10% of his net monthly household income, but in no case less than $25.00 per month. However, this schedule of payments "does not bar further collection efforts by the Government—including garnishment." *United States v. Quam*, 127 F. Supp. 3d 999, 1002 (D. Minn. 2015). In this instance, the government apparently chose to garnish 25% of Defendant's disposable income. That is allowable because the government "is not seeking to garnish wages in excess of that permitted by the Consumer Credit Protection Act." *United States v. Phung Ca Long*, No. CR10-0112, 2014 WL 712693, at *3 (N.D. Iowa Feb. 24, 2014), *report and recommendation adopted*, No. 10-CR-112-LRR, 2014 WL 1669975 (N.D. Iowa Apr. 28, 2014). "Had Congress intended for the Government to be bound by and limited to the installment

payments set by a court, even after the court's supervision and criminal jurisdiction expired, there would be no need for the Government to have these collection methods at its disposal for use to enforce criminal debts." *Lawrence*, 538 F. Supp. 2d at 1193.

A garnishment "is bound to have an adverse impact on a defendant." *Id.* at 1195. However, given the circumstances, the government's use of a writ of garnishment was justified and nothing in the record indicates that the government has abused its enforcement powers. Defendant has provided no evidence of his financial situation or how recent inflation has changed his cost of living. Thus, the Court cannot say that the government's writ is abusive or unnecessarily disrupts Defendant's affairs. *Id.*; *see also United States v. Roberts*, No. 12-00160-01-CR-W-BCW, 2017 WL 2928161, at *1 (W.D. Mo. June 14, 2017) (upholding a 25% garnishment and rejecting a hardship argument). Based on the current record, the Court declines to modify or otherwise limit the government's enforcement efforts via the writ of continuing garnishment.

### III. CONCLUSION

For the reasons discussed above, Defendant's motion (ECF No. 54) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 16th day of May, 2022.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge
